# GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP

ATTORNEYS AT LAW

ANDREW W. ALBSTEIN*
STEVEN R. UFFNER
KEVIN J. NASH
IRIS A. ALBSTEIN
DOUGLAS TAUS
ROBERT W. LO SCHIAVO*
ELIZABETH SMITH* †
KATHARINE M. FINCH◊
MATTHEW E. HEARLE
AUBREY E. RICCARDI
ANTHONY J. SCHLUR
DANIEL J. SLATZ
STEWART A. WOLF*
YAN LAURENCY
ERIK ZARATIN◊
NEIL I. ALBSTEIN*
ELLIOT FINK
ERICA D. VITANZA*
JARED STEINBERG♦
M. BRIAN CRONK

———————

J. TED DONOVAN
BRIAN W. KEMPER
STEVEN J. FERGUSON
SERGIO J. TUERO*
JAY E. SIMENS
ANDREW C. ST. CYR
SAMUEL KATZ
KELLY A. MOLLOY
ASHLEY M. KOENEN
BENJAMIN P. VANDERHYDEN
MARK A. DOUGLAS
BRYANT P. CHURBUCK

**125 PARK AVENUE
12TH FLOOR
NEW YORK, NY 10017
(212) 221-5700
TELECOPIER (212) 730-4518**

———————

**BARRY E. ZWEIGBAUM
BENJAMIN C. KIRSCHENBAUM
ROBERT KANDEL
ROBERT F. LINER
(OF COUNSEL)**

———————

**EMANUEL GOLDBERG (1904 - 1988)
JACK WEPRIN (1930 - 1996)
BENJAMIN FINKEL (1905 - 1986)
HARVEY GOLDSTEIN (1930 – 2025)**

———————

\*   ALSO MEMBER OF NEW JERSEY BAR
†   ALSO MEMBER OF MASSACHUSETTS BAR
◊   ALSO MEMBER OF CONNECTICUT BAR
°   ALSO MEMBER OF CALIFORNIA BAR
♦   ALSO MEMBER OF OHIO AND PENNSYLVANIA BARS

July 13, 2026

*VIA ECF*

Honorable Joseph A. Marutollo
United States Magistrate Judge
United States District Court, Eastern District of New York
Theodore Roosevelt Federal Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:    Motion for Extension of Time to Respond to the Complaint**
         *Tsivicos et al v. Public Assembly, LLC et al*, **1:26-cv-03065 (JAM)**

Dear Judge Marutollo:

This firm represents Defendants Domino Operator LLC, Public Assembly, L.L.C., Two Trees Management Co., Jed Walentas, and Annabel Thompson (together, the "Represented Defendants"), and we have entered notices of appearance on their behalf. Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Section V of Your Honor's Individual Practices and Rules, the Represented Defendants respectfully move for an extension of their time to answer, move, or otherwise respond to the Complaint.

According to the proofs of service filed on July 8, 2026 (ECF Nos. 9, 11–14), each Represented Defendant is stated to have been served on June 29, 2026, making the current deadline to respond July 20, 2026. The Represented Defendants request an extension through and including Monday, **August 17, 2026**.  This is the Represented Defendants' first request for an extension of this deadline. No prior request has been made to the Court.

The parties met and conferred. We requested Plaintiffs' consent to an extension of the Represented Defendants' time to respond. Plaintiffs' counsel declined to consent unconditionally: she advised that she would consent only if the Represented Defendants also stipulated to reimburse Plaintiffs' costs of serving process, which she contends are recoverable under Rule 4(d)(2) based on counsel's declination of requests to waive service. The Represented Defendants were unwilling to agree to that condition, and accordingly bring this request to the Court.

The Represented Defendants believe this action has been brought without justification against several of them, and for that reason took the position that waiver of service on their behalf was not appropriate; they anticipate that their response to the Complaint will include a motion under Rule 12 as to some or all of the claims and parties. In addition, the Represented Defendants are reviewing questions concerning the sufficiency of service reflected on the face of the proofs of service filed on July 8, 2026, and expressly reserve all defenses and objections with respect to service of process.

As to Plaintiffs' claimed entitlement to costs of service, the Represented Defendants respectfully submit that no such costs are owed because the prerequisite for seeking such relief has not been met. Plaintiffs did not send any Represented Defendant a written waiver request conforming to Rule 4(d)(1) – addressed to the defendant or an appropriate officer or agent (if an entity), accompanied by a copy of the Complaint, two copies of the official waiver form, and a prepaid means of return – and Rule 4(d)(2)'s cost-shifting applies only where a conforming request was made and refused without good cause. Plaintiffs remain free to raise the issue by motion, and the Represented Defendants will respond at the appropriate time.

The requested extension does not affect any other scheduled date. The parties' proposed Discovery Plan and Scheduling Order remains due on July 21, 2026, and the Initial Conference remains scheduled for July 28, 2026.

The extension is sought in good faith and not for purposes of delay, and no party will be prejudiced by the relief requested.

We thank the Court for its consideration.

Respectfully submitted,

Ashley M. Koenen, Esq.

GOLDBERG WEPRIN
FINKEL GOLDSTEIN LLP

*Counsel for the Represented Defendants*

cc:    All counsel of record (via ECF)